IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

GLOBAL CHECK SERVICES, INC.,           §
Plaintiff,                             §
                                       §
v.                                     §        Case No. 1:14-cv-01430-PAB-CBS
                                       §
ELECTRONIC PAYMENT                     §
SYSTEMS, LLC, FLEXPAY, LLC             §
ELECT-CHECK, INC.,                     §
JOHN DORSEY, TOM MCCANN,               §
and ANTHONY MALEY,                     §
Defendants.                            §

## PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c). Plaintiff Global Check Services, Inc. and Defendants Electronic Payment Systems, LLC, FlexPay, LLC, Elect-Check, Inc., John Dorsey, Tom McCann and Anthony Maley, ("Defendants") (collectively "the parties"), by and through undersigned counsel, have stipulated to the following Protective Order, and requested the Court enter it.

1.    This Protective Order shall govern documents and information exchanged during the above entitled action, including, but not limited to, documents produced by the parties or non-parties, deposition testimony, testimony taken at a hearing or other proceeding, interrogatory answers, responses to requests for admission, responses to requests for production and correspondence between counsel (collectively "Discovery Material").

2.    As used in the Protective Order, these terms have the following meanings:
      "Attorneys" means counsel of record;
      "Confidential documents" are documents designated pursuant to paragraph 3;
      "Attorneys' Eyes Only documents" are the subset of Confidential documents designated pursuant to paragraph 6;
      "Documents" are all materials within the scope of Fed. R. Civ. P. 34.

3.    By identifying a document "Confidential," a party may designate any document, including interrogatory responses, other discovery responses, or transcripts, that it in good faith contends to constitute or contain trade secret or other confidential information.

4.    All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person

receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the Confidential documents to any person other than those specified in paragraph 5. Prohibited purposes include, but are not limited to, use for competitive purposes.

5.    Access to any Confidential document shall be limited to:
   a. The Court and its officers;
   b. Attorneys and their office associates, legal assistants, and clerical employees;
   c. Persons shown on the face of the document to have authored or received it;
   d. Court reporters retained to transcribe testimony;
   e. Outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its attorneys to furnish technical or expert services; and
   f. Parties to this action and their employees.

6.    The parties shall have the right to further designate documents or portions thereof as "Attorneys' Eyes Only." Disclosure of such information shall be limited to the persons designated in paragraphs 5(a), (b), (c), (d), and (e).

7.    All depositions or portions of depositions taken in this action that contain trade secret or other confidential information may be designated "Confidential" or "Attorneys' Eyes Only" and thereby obtain the protections accorded other "Confidential" or "Attorneys' Eyes Only" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Attorneys' Eyes Only" during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

8.    Any party who inadvertently fails to identify documents as "Confidential" or "Attorneys' Eyes Only" shall have 14 days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

9.    Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents,

including all copies, within 14 days of receiving such a written request. The party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

10.     If a party files a document containing Confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the District of Colorado. Prior to disclosure at trial or a hearing of materials or information designated "Confidential" or "Attorneys' Eyes Only," the parties may seek further protections against public disclosure from the Court.  Parties will adhere to D.C.ColoL.CivR. 7.2 when filing documents under restriction.

11.     Any party may request a change in the designation of any information designated "Confidential" and/or "Attorneys' Eyes Only". Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" and/or "Attorneys' Eyes Only" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

12.     Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential" or "Attorneys' Eyes Only", and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction as within the 60-day period. Attorneys shall be entitled to retain, however, a set of all documents filed with the Court and all correspondence generated in connection with the action.

13.     Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

14.     No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

15.     The obligations imposed by the Protective Order shall survive the termination of this action. Within 60 days following the expiration of the last period for appeal from any order issued in connection with this action, the parties shall remove any materials designated "Confidential" from the office of the Clerk of Court. Following that 60-day period, the Clerk of Court shall destroy all "Confidential" materials.

By: /s/ Charles M.R. Vethan_____          By:/s/ Scotty P. Krob_____
        Charles M.R. Vethan                                    Scotty P. Krob
        Attorney for Plaintiff                                   Attorney for Defendants


APPROVED THIS ___21st_____ day of _____April_____, 2015.


                            BY THE COURT

                            _____
                            ~~U.S. District Court Judge~~

                            Craig B. Shaffer
                            United States Magistrate Judge